| | |
|---|---|
| **HALIDOU SADOU, individually and on behalf of all others similarly situated** **Plaintiff,** **v.** **WASH INDUSTRIES INC.** **Defendant.** | **CASE: 2:15-cv-06249** |

## ANSWER TO COMPLAINT

Defendant, Wash Industries Inc., (hereinafter "Answering Defendant"), by and through its Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C., hereby responds to the Collective and Class Action Complaint filed by Halidou Sadou (hereinafter "Plaintiff"), individually and on behalf of others similarly situated, according to the numbered paragraphs thereof, as follows:

## NATURE OF ACTION

1.      DENIED. The averments of Paragraph 1 contain conclusions of law and, on that basis, Answering Defendant denies each and every allegation. To the extent that a response is deemed required, Answering Defendant specifically denies the legal conclusions set forth within Paragraph 1 pertaining to Answer Defendant's liability for overtime compensation pursuant to the FLSA, PMWA and WPCL.

2.      DENIED. The averments of Paragraph 2 contain conclusions of law and, on that basis, Answering Defendant denies each and every allegation. To the extent that a response is deemed required, Answering Defendant specifically denies the legal conclusions set forth within Paragraph 2 pertaining to Answer Defendant's liability for overtime compensation pursuant to the FLSA, PMWA and WPCL.

3.      DENIED. The averments of Paragraph 3 contain conclusions of law and, on that basis, Answering Defendant denies each and every allegation. To the extent that a response is deemed required, Answering Defendant specifically denies the legal conclusions set forth within Paragraph 3.

4.      DENIED. The averments of Paragraph 4 in their totality constitute conclusions of law requiring no responsive pleading and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 4. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

## JURISDICTION AND VENUE

5.      DENIED. The averments contained with paragraph 5 constitute conclusions of law requiring no responsive pleading and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 5. To the extent that a response is deemed required, any factually averments contained within Paragraph 5 are denied.

6.      DENIED. The averments contained with paragraph 6 constitute conclusions of law requiring no responsive pleading and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 6. To the extent that a response is deemed required, any factually averments contained within Paragraph 6 are denied.

7.      DENIED. The averments contained with paragraph 7 constitute conclusions of law requiring no responsive pleading and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 7. To the extent

that a response is deemed required, any factually averments contained within Paragraph 7 are denied.

8.     DENIED. The averments contained with paragraph 8 constitute conclusions of law requiring no responsive pleading and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 8. To the extent that a response is deemed required, any factually averments contained within Paragraph 8 are denied.

## PARTIES

9.     Admitted based upon information received.

10.    DENIED. The averments of Paragraph 10 constitute conclusions of law, and on that basis, Answering Defendant denies each and every allegation contained within Paragraph 10.

11.    DENIED. The averments of Paragraph 11 constitute conclusions of law, and on that basis, Answering Defendant denies each and every allegation contained within Paragraph 11.

12.    DENIED. The averments of Paragraph 12 constitute conclusions of law, and on that basis, Answering Defendant denies each and every allegation contained within Paragraph 12.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.    Answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 12 above.

14.    DENIED. The averments of Paragraph 14 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained

within Paragraph 14. To the extent that a response is deemed required, any factual averments contained within Paragraph 14 are denied.

15.     DENIED. The averments of Paragraph 15 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 15. To the extent that a response is deemed required, any factual averments contained within Paragraph 15 are denied.

16.     DENIED. The averments of Paragraph 16 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 16. To the extent that a response is deemed required, any factual averments contained within Paragraph 16 are denied.

17.     DENIED. The averments of Paragraph 16 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 16. To the extent that a response is deemed required, any factual averments contained within Paragraph 16 are denied.

18.     DENIED. The averments of Paragraph 18 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 18. By way of further response, Answering Defendant is unaware of Plaintiff' s intentions with respect to how he will proceed with his claims and no response is required as to such averments. Any remaining factual averments are denied.

## CLASS ACTION ALLEGATIONS

19.     Answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 18 above.

20.     DENIED. The averments of Paragraph 20 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 20. To the extent that a response is deemed required, any factual averments contained within Paragraph 20 are denied.

21.     DENIED. The averments of Paragraph 21 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 21. To the extent that a response is deemed required, any factual averments contained within Paragraph 21 are denied.

22.     (a-g) DENIED. The averments of Paragraph 22 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 22. To the extent that a response is deemed required, any factual averments contained within Paragraph 22 are denied.

23.     DENIED. The averments of Paragraph 23 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 23. To the extent that a response is deemed required, any factual averments contained within Paragraph 23 are denied.

24.     DENIED. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 24 and, on that basis, denies each and every such allegation.

25.     DENIED. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 25 and, on that basis, denies each and every such allegation.

26. (a-c) DENIED. The averments of Paragraph 26 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 26. To the extent that a response is deemed required, any factual averments contained within Paragraph 26 are denied.

27. DENIED. The averments of Paragraph 27 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 27. To the extent that a response is deemed required, any factual averments contained within Paragraph 27 are denied.

## FACTS RELEVANT TO ALL CLAIMS

28. Answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 27 above.

29. DENIED. The effective date of Plaintiff's employment was in or about 2002.

30. DENIED. The averments of Paragraph 30 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 30. To the extent that a response is deemed required, any factual averments contained within Paragraph 30 are denied.

31. ADMITTED.

32. ADMITTED IN PART; DENIED IN PART. It is only admitted that Plaintiff did not have authority to hire or fire any employees. The remaining averments of Paragraph 32 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 32.

33.     DENIED. The averments of Paragraph 33 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 33. To the extent that a response is deemed required, any factual averments contained within Paragraph 33 are denied.

34.     DENIED. The averments of Paragraph 34 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 34. To the extent that a response is deemed required, any factual averments contained within Paragraph 34 are denied.

35.     DENIED. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 35 and, on that basis, denies each and every such allegation.

36.     DENIED. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 36 and, on that basis, denies each and every such allegation. By way of further response, the averments of Paragraph 36 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 36.

37.     DENIED. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained within Paragraph 37 and, on that basis, denies each and every such allegation. By way of further response, the averments of Paragraph 37 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 37.

38.     DENIED. The averments of Paragraph 38 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained

within Paragraph 38. To the extent that a response is deemed required, any factual averments contained within Paragraph 38 are denied.

39.     DENIED. Answering Defendant denies the characterization that he "routinely worked in excess of forty (40) hours per week." Answering Defendant further denies that Plaintiff "typically worked seven (7) twelve (12) hour shifts, for a total of approximately eighty-four (84) hours per week." By way of further response, the averments constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within.

40.     DENIED. The averments of Paragraph 40 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 40. To the extent that a response is deemed required, any factual averments contained within Paragraph 40 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

41.     DENIED. It is specifically denied that from May 20, 2014 to May 27, 2014, Plaintiff worked "approximately eighty-five and one half (85.5) hours." In fact, Plaintiff took an unpaid leave of absence from his position for the period of May 22, 2014 until August 3, 2014.

42.     DENIED. Answering Defendant denies the characterization that "Class Plaintiffs routinely worked in excess of forty (40) hours per week." By way of further response, the averments constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within.

43. DENIED. The averments of Paragraph 43 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 43. To the extent that a response is deemed required, any factual averments contained within Paragraph 43 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

44. DENIED. The averments of Paragraph 44 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 44. To the extent that a response is deemed required, any factual averments contained within Paragraph 44 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

45. ADMITTED IN PART; DENIED IN PART. It is admitted that Employees receive tips from customers however Answering Defendant denies the characterization that Employees "regularly received tips."

46. DENIED. It is denied that Answering Defendant ever withheld any percentage tips from Plaintiffs. By way of further response, the averments of Paragraph 46 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 46. To the extent that a response is deemed required, any factual averments contained within Paragraph 46 are denied. Moreover, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

47.     DENIED. The averments of Paragraph 47 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 47. To the extent that a response is deemed required, any factual averments contained within Paragraph 47 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

48.     DENIED. The averments of Paragraph 48 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 48. To the extent that a response is deemed required, any factual averments contained within Paragraph 48 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

49.     DENIED. The averments of Paragraph 49 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 49. To the extent that a response is deemed required, any factual averments contained within Paragraph 49 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

50.     DENIED. The averments of Paragraph 50 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 50. To the extent that a response is deemed required, any factual averments contained within Paragraph 50 are denied. By way of further response,

Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

51.     DENIED. The averments of Paragraph 51 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 51. To the extent that a response is deemed required, any factual averments contained within Paragraph 51 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

52.     DENIED. The averments of Paragraph 52 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 52. To the extent that a response is deemed required, any factual averments contained within Paragraph 52 are denied. By way of further response, Answering Defendant specifically denies its compensation practices violate the FLSA, PMWA or WPCL.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201,** *et seq.*
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

53.     Answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 52 above.

54.     DENIED. The averments of Paragraph 54 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 54. To the extent that a response is deemed required, any factual averments contained within Paragraph 54 are denied.

55.     DENIED. The averments of Paragraph 55 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 55. To the extent that a response is deemed required, any factual averments contained within Paragraph 55 are denied.

56.     DENIED. The averments of Paragraph 56 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 56. To the extent that a response is deemed required, any factual averments contained within Paragraph 56 are denied.

57.     DENIED. The averments of Paragraph 57 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 57. To the extent that a response is deemed required, any factual averments contained within Paragraph 57 are denied.

58.     DENIED. The averments of Paragraph 58 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 58. To the extent that a response is deemed required, any factual averments contained within Paragraph 58 are denied.

59.     DENIED. The averments of Paragraph 59 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 59. To the extent that a response is deemed required, any factual averments contained within Paragraph 59 are denied.

60.     DENIED. The averments of Paragraph 60 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained

within Paragraph 60. To the extent that a response is deemed required, any factual averments contained within Paragraph 60 are denied.

61.     DENIED. The averments of Paragraph 61 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 61. To the extent that a response is deemed required, any factual averments contained within Paragraph 61 are denied.

**PRAYER FOR RELIEF**

The various requests for relief in the WHEREFORE clause following Paragraph 61 of the Complaint, including subparagraphs A. – J., contain conclusions of law and, on that basis, Answering Defendant denies each and every item of relief requested and demands judgment in its favor and against Plaintiffs.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333 et seq.**
**FAILURE TO PAY OVERTIME COMPENSATION**

62.     Answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 61 above.

63.     DENIED. The averments of Paragraph 63 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 63. To the extent that a response is deemed required, any factual averments contained within Paragraph 63 are denied.

64.     DENIED. The averments of Paragraph 64 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained

within Paragraph 64. To the extent that a response is deemed required, any factual averments contained within Paragraph 64 are denied.

65.     DENIED. The averments of Paragraph 65 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 65. To the extent that a response is deemed required, any factual averments contained within Paragraph 65 are denied.

66.     DENIED. The averments of Paragraph 66 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 66. To the extent that a response is deemed required, any factual averments contained within Paragraph 66 are denied.

## PRAYER FOR RELIEF

The various requests for relief in the WHEREFORE clause following Paragraph 66 of the Complaint, including subparagraphs A. – D., contain conclusions of law and, on that basis, Answering Defendant denies each and every item of relief requested and demands judgment in its favor and against Plaintiffs.

## COUNT III
## PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
## 43 P.S. § 260.1, et seq.

67.     Answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 66 above.

68.     DENIED. The averments of Paragraph 68 constitute conclusions of law and, on that basis, Answering Defendant denies each and every allegation contained within Paragraph 68. To the extent that a response is deemed required, any factual averments contained within Paragraph 68 are denied.

## PRAYER FOR RELIEF

The various requests for relief in the WHEREFORE clause following Paragraph 68 of the Complaint, contain conclusions of law and, on that basis, Answering Defendant denies each and every item of relief requested and demands judgment in its favor and against Plaintiffs.

## AFFIRMATIVE DEFENSES

Answering Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs. Answering Defendant reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST DEFENSE

69.     The allegations of the Complaint fail to state a claim upon which relief can be granted under the FLSA, PMWA or WPCL.

## SECOND DEFENSE

70.     Plaintiff and the members of the proposed Class have been compensated for all "hours worked" in a manner consistent with the FLSA and any other applicable law. Accordingly, Plaintiff and the members of the proposed Class are not entitled to the overtime compensation and the other damages sought in the instant Complaint under either the FLSA and any other applicable law.

## THIRD DEFENSE

71.     Plaintiff's claims cannot be properly joined with the claims of any potential opt-ins, because Plaintiff's claim(s) are not typical of those that may be advanced by other putative collection action members.

## FOURTH DEFENSE

72.     The claims of Plaintiff and any putative collective action members are barred, in whole, or in part, by all applicable statutes of limitations including, but not limited to, the two (2) and three (3) year limitations periods contained in the FLSA, 29 U.S.C. § 201, et seq., laches, and/or any other applicable limitations period.

## FIFTH DEFENSE

73.     Plaintiff lacks standing to bring claims on behalf of, and may not represent, putative collective action members, in whole or in part, with respect to the asserted collective action claims.

## SIXTH DEFENSE

74.     Answering Defendant has acted in good faith at all times and has had reasonable grounds for believing that any alleged acts or omissions were not a violation under the FLSA, PMWA or WPCL.

## SEVENTH DEFENSE

75.     Plaintiff and any putative collective action members have sustained no damages or, if any, *de minimis* damages, which are not actionable under the FLSA.

## EIGHTH DEFENSE

76.     The claims of Plaintiff and any putative collective action members for damages are barred or limited by the Answering Defendant's good faith efforts to comply with applicable law.

## NINTH DEFENSE

77.     Answering Defendant has promulgated and disseminated a policy requiring all hours worked to be recorded and all compensable time paid in accordance

with the FLSA and/or other applicable laws, and has exercised reasonable care to investigation, prevent and/or correct promptly any unlawful behavior. Plaintiff failed to take advantage of the policy at an appropriate time and in an appropriate manner.

## TENTH DEFENSE

78.     If any alleged failure to pay the wages and/or overtime wages of Plaintiff and any putative collective action members was unlawful, which Answering Defendant denies, none of the Answering Defendant's alleged actions or omissions constitute a willful violation of the FLSA or any other law.

## ELEVENTH DEFENSE

79.     The claims of Plaintiff and any putative collective action members are barred, in whole or in part, by exclusions, exceptions, credits or offsets permissible under the FLSA.

## TWELFTH DEFENSE

80.     Assuming, *arguendo*, that Plaintiff and any putative collection action members are entitled to any overtime compensation, any time spent in any noncompensable activities by Plaintiff and the putative collective action members must be excluded from compensable hours of work.

## THIRTEENTH DEFENSE

81.     To the extent that Plaintiff and any putative collective action members allege recordkeeping violations under the FLSA, those claims are barred because that statute does not allow for a private cause of action for violations of the recordkeeping provisions of that statute.

## FOURTEENTH DEFENSE

82.     To the extent any Plaintiff or putative collective action members have signed a release and/or waiver encompassing claims alleged in the Complaint, their claims are barred by that release and/or waiver.

## FIFTEENTH DEFENSE

83.     Plaintiff's own conduct contributed and/or caused any harm that he allegedly suffered.

## SIXTEENTH DEFENSE

84.     Plaintiff and any putative collective action members may not maintain the action as described in the Complaint as a collective action because the Complaint fails to state facts sufficient to establish an ascertainable class.

## SEVENTEENTH DEFENSE

85.     A collective action is not superior to other available methods for the fair and efficient adjudication of the controversy.

## EIGHTEENTH DEFENSE

86.     Plaintiff is not similarly situated to any other putative collective action members and, therefore, is an inadequate class representative.

## NINETEENTH DEFENSE

87.     Plaintiff and any putative collective action members do not share a sufficient commonality of issues, either legal or factual, to warrant certification of the class. Common issues of law and fact, if any, do not predominate over individual issues. Accordingly, the types of claims alleged by Plaintiff on behalf of himself and the group of persons whom he purports to represent are matters in which individual questions predominate and, accordingly, are not appropriate for collective treatment.

## TWENTIETH DEFENSE

88.     Plaintiff and the group of persons whom he purports to represent is not sufficiently large that it would be impractical or impossible to join additional plaintiffs or for additional plaintiffs to pursue separate actions.

## TWENTY-FIRST DEFENSE

89.     Upon information and belief, Plaintiff and any putative collective action members failed to mitigate their damages, if any.

## TWENTY-SECOND DEFENSE

90.     Plaintiff and any putative collective action members have received payment in full for any wages due and owing.

## TWENTY-THIRD DEFENSE

91.     Any failure on the Answering Defendant's part to remit payment to Plaintiff and any putative collective action members for hours allegedly worked was the result of a good faith dispute and/or contest.

## TWENTY-FOURTH DEFENSE

92.     At all material times, some or all of the putative collective action members were exempt from the overtime requirements of the FLSA, including, but not limited to, the professional, executive and/or administrative exemptions.

## TWENTY-FIFTH DEFENSE

93.     Claims made on behalf of Plaintiff and any putative collective action members are or may be barred, in whole or in part, by estoppel, waiver, consent, and unclean hands.

## TWENTY-SIXTH DEFENSE

94.     The Complaint fails to state a claim for liquidated damages.

## **TWENTY-SEVENTH DEFENSE**

95.     Some or all of the claims asserted in the Complaint are unsuitable for collective treatment because the prosecution of separate actions by members of the groups of persons Plaintiff purports to represent would create a risk of adjudications with respect to proposed collective action members which would as a practical matter be dispositive of the interests of the other proposed collective action members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

## **TWENTY-EIGHTH DEFENSE**

96.     The certification and trial of this case as a collective action would violate the Answering Defendant's rights under the Fifth and Seventh Amendments to the United States Constitution, as well as the Pennsylvania Constitution.

## **TWENTY-NINTH DEFENSE**

97.     Plaintiff and the groups he purports to represent may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

## **THIRTIETH DEFENSE**

98.     Neither Plaintiff nor members of the alleged group(s) which he purports to represent may recover liquidated damages, because neither Answering Defendant nor any of their officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## THIRTY-FIRST DEFENSE

99.     Plaintiff and the members of the proposed Class have not been equally affected by Answering Defendant's payment practices such that class certification is appropriate pursuant to Fed. R. Civ. P. 23.

## THIRTY-SECOND DEFENSE

100.     Plaintiff and the proposed Class may not simultaneously maintain a collective action pursuant to 29 U.S.C. § 216(b) under the FLSA, and a class action pursuant to Fed.R.Civ. P. 23 under the PMWA and WPCL, because such actions are inherently incompatible.

## THIRTY-THIRD DEFENSE

101.     Plaintiff and any putative collective action members have received all their tips in full.

WHEREFORE, having fully answered the Complaint, Answering Defendant prays for judgment on the Complaint as follows:

1.     That Plaintiff and the members of the proposed Class take nothing by reason of their Complaint;

2.     That the Complaint be dismissed in its entirety with prejudice;

3.     That Plaintiff and the members of the proposed Class be denied any relief whatsoever against Answering Defendant;

4.     That Answering Defendant recover its costs, disbursements, and reasonable attorneys' fees in this action; and

5.     For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM AGAINST HALIDOU SADOU
### INTRODUCTION

1.      These counterclaim arises out of actions taken by Counterclaim Defendant during his employment with Counterclaim Plaintiff.

### THE PARTIES

2.      Counterclaim Plaintiff, Wash Industries, Inc., is a business that is located at 1415 A Morton Avenue, Chester PA 19013.

3.      Upon information and belief, Counterclaim Defendant, Halidou Sadou is an adult individual and citizen of Pennsylvania residing at 4826 North Marshall Street, Philadelphia, PA 19120.

### JURISDICTION

4.      In this action, a federal question exists over which this Court has original jurisdiction, the requirements necessary for this Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### FACTS RELEVANT TO ALL COUNTERCLAIM

Counterclaim Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this answer and by reference makes said paragraphs a part hereof as if fully set forth herein.

5.      In or about 2003, Counterclaim Defendant was hired by Counterclaim Plaintiff and was employed as a Washer.

6.      During the course of Counterclaim Defendant's employment with Counterclaim Plaintiff, he used Counterclaim Plaintiff's credit cards without authorization for his own personal expenses.

7. More specifically, Counterclaim Defendant used Counterclaim Plaintiff's American Express Credit Card for personal airline tickets for himself and his wife on Royal Air Moraco on April 21, 2014 and May 02, 2014 totaling $2,000.00.

8. During the time the airline tickets were illegally purchased, Counterclaim Defendant was extremely friendly with Counterclaim Plaintiff's Manager, Sanousi Elawad.

9. As a manager, Sanousi Elawad had access to Counterclaim Plaintiff's credit card.

10. Since Counterclaim Defendant was friendly with Counterclaim Plaintiff's Manager he had access to the funds.

11. Counterclaim Defendant purchased the airline tickets without the knowledge of Counterclaim Plaintiff and therefore did not have permission to use Counterclaim Plaintiff's credit cards for the aforementioned tickets.

12. To date, Counterclaim Plaintiff has not received any payment from Counterclaim Defendant for the aforementioned unauthorized use of the credit cards.

## COUNTERCLAIM FOR RELIEF
### Conversion against Counterclaim Defendant

Counterclaim Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this answer and by reference makes said paragraphs a part hereof as if fully set forth herein.

11. Counterclaim Plaintiff incorporates all previous paragraphs in this Counterclaim and re-allege them herein.

12. Counterclaim Defendant illegally and with fraudulent intent has converted Counterclaim Plaintiff's money to his own personal use and has been unjustly enriched by the conversion of monies.

13. Since Counterclaim Defendant was friendly with Counterclaim Plaintiff's Manager he had access to the funds.

14. As a result of Counterclaim Defendant's breach and intentional and bad faith conduct Counterclaim Plaintiff is owed approximately $2,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff, respectfully demands judgment and pray that this Honorable Court order:

(a) Enter judgment in its favor and against Counterclaim Defendant dismissing their Complaint in its entirety;

(b) Requiring Counterclaim Defendant to reimburse with interest all monies converted for his own personal use;

(c) Requiring Counterclaim Defendant to pay to Counterclaim Plaintiff's attorney's fees, costs and all reimbursable expenses;

(f) For all such other and further relief this Court deems just and proper.

Respectfully,


By: /s/ Zachary A. Silverstein
Zachary A. Silverstein, Esquire
David F. McComb
**Zarwin Baum DeVito Kaplan
Schaer & Toddy, P.C.**
1818 Market Street, 13th Floor
Philadelphia, PA 19103
Phone: 215-569-2800

Fax: 267-765-7362
zsilverstein@zarwin.com
dfmccomb@zarwin.com
Attorneys for Defendant

Date: January 8, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of Defendant's Answer with Affirmative Defenses has been filed electronically and is available for viewing and downloading from the ECF on January 8, 2015.


Michael Murphy, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.,
Philadelphia, PA 19103


By: ___/s/ Zachary A. Silverstein
        Zachary A. Silverstein, Esquire

Date: January 8, 2015